UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ZHONGLI SCIENCE AND TECHNOLOGY
GROUP CO. LTD., a Chinese corporation; and
SUZHOU TALESUN SOLAR TECHNOLOGY
CO., LTD., a Chinese corporation,                                   MEMORANDUM
                                                                                    AND ORDER
                Petitioners,                               22 MC 2795 (NGG)(RML)

    -against-

FIR TREE PARTNERS a/k/a FIR TREE
CAPITAL MANAGEMENT LP and f/k/a FIR
TREE SOLAR, LLC,

                Respondent.
-----------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Petitioners Zhongli Science and Technology Group Co. Ltd. and Suzhou Talesun Solar Technology Co., Ltd. (together, "petitioners") brought this matter on September 16, 2022 to compel respondent Fir Tree Partners ("Fir Tree" or "respondent"), an entity located in New York, to produce documents and a Rule 30(b)(6) deponent in response to subpoenas issued by the United States District Court for the Northern District of California in the action entitled <u>Martifer-Silverado Fund I, LLC v. Zhongli Science and Technology Group Co., Ltd.</u> No.: 4:19 CV 4243 (N.D. Cal.) (the "Underlying Action"), to which Fir Tree is not a party. (<u>See</u> Notice of Motion to Compel, dated Sept. 16, 2022, Dkt. No. 1.)  On September 30, 2022, Fir Tree cross-moved under Rule 45 of the Federal Rules of Civil Procedure and the court's inherent power for an order requiring petitioners to reimburse respondent's attorney's fees and expenses incurred in complying with the subpoenas. (<u>See</u> Notice of Cross-Motion, dated Sept. 30, 2022, Dkt. No. 11.) The discovery motion has been resolved, and the only issue remaining is Fir Tree's motion for attorney's fees and costs. Respondent seeks an award of attorney's fees in the amount of

$381,745 and expenses in the amount of $9,898.14.  (See Supplemental Memorandum in Further Support of Respondent's Cross-Motion for Reimbursement of Attorneys' Fees and Costs, dated June 26, 2023 ("Resp. Mem."), Dkt. No. 31, at 7.)  Petitioners object and urge the court to "deny Fir Tree's motion or reduce any fee award to reasonable costs of actual compliance."  (Supplemental Memorandum in Further Support of Petitioners' Opposition to Respondent's Motion for Reimbursement of Attorney's Fees and Costs, dated May 25, 2023 ("Pet. Mem."), Dkt. No. 29, at 1.)

As described in petitioners' submissions, the Underlying Action involves contract and tort claims arising from an allegedly failed business transaction between petitioners and the plaintiff, Martifer-Silverado Fund I, LLC ("MS Fund").  The pertinent events surrounding that business venture, FTP Solar LLC (now FTP Power LLC), occurred in 2012 and 2013.  Fir Tree avers that it has no interest in the outcome of that litigation and has no current relationship with any of the litigants.  (See Respondent's Memorandum of Law in Opposition to Petitioners' Motion to Compel Production of Documents and Deposition, dated Sept. 30, 2022 ("Resp. Opp."), Dkt. No. 12, at 1.)  Petitioners' subpoena *duces tecum* sought the production of sixty-two categories of documents from Fir Tree for the period of 2012 through 2017.  (Id. at 2, 6.)  Despite its objections, and after a number of meetings to narrow the scope of petitioners' document demands, Fir Tree produced a total of over 22,000 pages of documents, 3,026 of which were emails dating from June through November 2013. (Resp. Mem. at 2; Pet. Mem. at 2, Dkt. Nos. 21-23.)  In addition, on February 6, 2023, petitioners took the remote deposition of Fir Tree, which lasted approximately three hours.  (Supplemental Declaration of Marwa Elzankaly, Esq. in Support of Petitioners' Opposition to Respondent's Motion for Reimbursement of Attorneys' Fees and Costs, dated May 25, 2023, Dkt. No. 29-1, ¶ 4.)

2

> Rule 45(d)(1) states:
>
> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Courts typically undertake a two-part inquiry to determine whether sanctions are warranted under Rule 45(d)(1): "[i] whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and [ii] if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." Saint-Jean v. Emigrant Mortg. Co., No. 11 CV 2122, 2015 WL 13735434, at *3 (E.D.N.Y. Oct. 7, 2015) (citing Molefi v. Oppenheimer Tr., No. 03 CV 5631, 2007 WL 538547, at *2 (E.D.N.Y. Feb. 15, 2007)).[1] However, "Rule 45's required protection of a non-party from significant discovery expenses does not mean that the requesting party must bear the entire cost of compliance." Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc., No. 09 CV 3855, 2018 WL 1701944, at *3 (E.D.N.Y. Mar. 31, 2018) (quoting Wells Fargo Bank, N.A. v. Konover, 259 F.R.D. 206, 207 (D. Conn. 2009)). Rather, "[a] non-party can be required to bear some or all of the expenses where the equities of the particular case demand it." Id. To determine the proper allocation of costs, the court should consider "(1) whether the non-party actually has an interest in the outcome of the litigation; (2) whether the non-party can more readily bear the costs than the

---

[1] The court also has the "'inherent' power to impose attorney's fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Kenney, Becker LLP v. Kenney, No. 06 CV 2975, 2008 WL 681452, at *2 (S.D.N.Y. Mar. 6, 2008) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). Whether imposed under Rule 45 or under the court's inherent power, an award of sanctions is within a Magistrate Judge's authority. See, e.g., Freund v. Weinstein, No. 08 CV 1469, 2010 WL 11627327, at *2 (E.D.N.Y. Oct. 1, 2010); Molefi, 2007 WL 538547, at *1.

requesting party; and (3) whether the litigation is of public importance." Id. (quoting Wells Fargo Bank, 259 F.R.D. at 207). Furthermore, "only reasonable expenses are compensable" under Rule 45. Id. at *4 (quoting G & E Real Estate v. Avison Young-Wash., D.C., LLC, 317 F.R.D. 313, 316 (D.D.C. 2016)).

A non-party that moves for costs and fees bears the burden of demonstrating that those costs and fees are reasonable. See Blum v. Stenson, 465 U.S. 886, 897 (1984). Therefore, the movant must provide "contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998). The court may deduct from the requested amount "[h]ours that are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The movant also "has the burden of showing by satisfactory evidence—in addition to the attorney's own affidavits"—that the requested rates are those "prevailing . . . for comparable attorneys of comparable skill and standing in the pertinent legal community." Farbotko v. Clinton Cnty., 433 F.3d 204, 209 (2d Cir. 2005) (quoting Blum, 465 U.S. at 896 n.11); Kirsch, 148 F.3d at 172. The pertinent community typically is "the forum of the litigation"—even if that is not where the non-party's "counsel has its primary office"— unless the movant shows that "a reasonable, paying client would have retained out-of-district counsel." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 183, 184 n.2 (2d Cir. 2008); see also Smart SMR of N.Y. v. Zoning Comm'n, 9 F. Supp. 2d 143, 149 (D. Conn. 1998).

As to the first Wells Fargo factor, "whether the non-party actually has an interest in the outcome of the litigation," Fir Tree states that it has no current relationship with any of the litigants in the Underlying Action and "is entirely agnostic as to how the dispute between MS

4

Fund and Petitioners is resolved."[2] (Resp. Opp. at 21.) As to the second factor, "whether the non-party can more readily bear the costs than the requesting party," Fir Tree states that it is a global investment firm and petitioners are "billion dollar Chinese tech companies." (Id. at 10, 21.) Petitioners do not deny that they have sufficient means to cover the cost of Fir Tree's compliance with their subpoenas. Thus, Fir Tree is not in a better position to bear the costs of document production than petitioners, although both appear to have substantial resources. Finally, it is undisputed that the Underlying Action is a purely private matter and lacks public importance. Thus, all of the Wells Fargo factors weigh in favor of shifting at least some of Fir Tree's attorneys' fees and costs onto petitioners.

Turning to respondent's fee request, the time records for Fir Tree's counsel, Lowenstein Sandler, show that the firm had three partners or counsel working on this matter, whose rates ranged from $875 to $1,295 per hour; three associates whose hourly rates ranged from $500 to $630; and various paralegals and support staff whose hourly rates ranged between $275 and $615.[3] (Letter of Maya Ginsburg, Esq., dated Mar. 22, 2023, Dkt. No. 26, Ex. A ("Time Records").) I find that it was reasonable for Fir Tree to engage Lowenstein Sandler, a law firm located in the Southern District of New York, since Fir Tree's offices are in Manhattan, "Lowenstein Sandler has served as Fir Tree's counsel for many years" and "Fir Tree regularly

---

[2] Petitioners describe Fir Tree as an "interested third party." (Reply Memorandum of Law in Further Support of Petitioners' Motion to Compel Production of Documents and Deposition, dated Oct. 11, 2022, Dkt. No. 15, at 9-12.) Fir Tree was a business partner of MS Fund, and both MS Fund and Fir Tree were members of FTP Solar LLC, which was sold in 2017. (See Declaration of Marwa Elzankaly Esq., dated Sept. 16, 2022, Dkt. No. 1-26, ¶¶ 4-6, Exs. B, C, D.) However, petitioners do not identify any current interest that Fir Tree may have in the Underlying Action.

[3] Fir Tree has agreed to deduct from the total fees it is requesting the time of any person who billed less than five hours. This includes Steven Siesser (1.5), Brooke Gillar (1.6), Giselle Grant (2.6), Aneela Suhail (4.5), Carrie Hayter (1.3), Connor Boehme (1.7), Karsyn Archambeau (.6), Zoraida Michaud (.5) and Jamie Pagano (.6). (See Resp. Mem. at 6 n.8.)

5

retains Lowenstein Sandler for corporate and litigation services, including responding to third-party subpoenas." (Declaration of Maya Ginsburg, Esq., dated June 26, 2023, Dkt. No. 31-1, ¶ 14.)  Respondent cites a number of Southern District cases to support these hourly rates.  See Pearlstein v. BlackBerry Ltd., No. 13 CV 7060, 2022 WL 4554858, at *10 (S.D.N.Y. Sept. 29, 2022) (collecting cases and holding that hourly rates ranging from $500 for associates to $1,200 for senior partners are reasonable and comparable to billing rates "normally charged in the community where the counsel practices, i.e., the 'market rate'"); In re GSE Bonds Antitrust Litig., No. 19 CV 1704, 2020 WL 3250593, at *5 (S.D.N.Y. June 16, 2020) (rates between $350 and $1,150 per hour held reasonable); MSC Mediterranean Shipping Co. Holding S.A. v. Forsyth Kownacki LLC, No. 16 CV 8103, 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017) (rates ranging from $210 to $437 per hour for non-legal staff; $569 to $753 per hour for associates; and $874 to $1,048 per hour for partners found "reasonable under the circumstances, given the experience and work performed by the particular individuals."); U.S. Bank Nat'l Ass'n v. Dexia Real Estate Cap. Markets, No. 12 CV 9412, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016) ("partner billing rates in excess of $1,000 an hour are by now not uncommon in the context of complex commercial litigation.") (citing Themis Cap. v. Democratic Republic of Congo, No. 09 CV 1652, 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014)).

      As for the number of hours billed, the court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  Maldonado v. La Nueva Rampa, Inc., No. 10 CV 8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012) (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)).  The "critical inquiry is 'whether, at the time the work was performed,

a reasonable attorney would have engaged in similar time expenditures.'" Id. (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992)).

Here, 120 hours were billed by Thomas E. Redburn, Jr., Chair of Lowenstein Sandler's Securities Litigation department, who has been a partner at the firm for nearly twenty years. (Time Records; https://www.lowenstein.com/people/attorneys/thomas-redburn.)  Mr. Redburns's hourly rates varied from $1,185 to $1,295 over time. (Time Records.)  Litigation Counsel Maya Ginsburg, an attorney with about ten years of legal experience, billed close to 480 hours on this matter, at hourly rates ranging from $875 to $955. (Time Records; https://www.lowenstein.com/people/attorneys/maya-ginsburg.)  This is well in excess of the sanctions contemplated under Rule 45 for "imposing undue burden or expense on a person subject to [a] subpoena," even an especially broad one.  See Saint-Jean v. Emigrant Mortg. Co., No. 11 CV 2122, 2015 WL 13735434, at *7 (E.D.N.Y. Oct. 7, 2015) (noting "that the imposition of a fee-related sanction under Rule 45(d)(1) is not the equivalent of an award of attorney's fee to a prevailing party under a fee-shifting statute.")  A large reduction is therefore warranted.

As petitioners emphasize, many of the hours billed by respondent's counsel were for time expended objecting to or resisting petitioners' subpoenas, not complying with them. (See Pet. Mem. at 5 (citing Sands Harbor Marina, 2018 WL 1701944, at *7 ("It is a tenuous proposition, at best, that attorneys' fees incurred resisting a subpoena are expenses resulting from compliance."); In re World Trade Ctr. Disaster Site Litig., No. 21 MC 100, 2010 WL 3582921, at *2 (S.D.N.Y. Sept. 14, 2010) ("[h]iring outside counsel is appropriate when a nonparty wishes to resist a subpoena *duces tecum* for its own independent reasons, but that is not a sufficient reason to charge legal costs to the issuing party").)  Local Civil Rule 37.3(c) states that discovery disputes that cannot be resolved among the affected parties, which includes objections to a Rule

7

45 subpoena, "shall" be brought to the court's attention "by telephone conference with all affected parties on the line or by letter not exceeding three pages in length outlining the nature of the dispute and attaching relevant materials." E.D.N.Y. Loc. Civ. R. 37.3(c); see Molefi, 2007 WL 538547, at *6. Respondent's counsel therefore should have challenged the subpoenas through less time intensive and costly avenues than the path of motion practice they chose to pursue. Nonetheless, both sides were responsible for ratcheting up the conflict over these subpoenas and driving up the fees and costs related to litigating this matter, and the court's sanctions award must also consider petitioners' failure to ensure, through reasonable steps at the outset, that respondent would not be unduly burdened by the subpoenas. Molefi, 2007 WL 538547, at *4.

In evaluating a fee request, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed "as a practical means of trimming fat from a fee application." New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983). In this case, rather than deducting a specific percentage of counsel's hours, the court will use its discretion to award fees based on its own estimate of how many attorney hours would be "usefully and reasonably expended" in responding to petitioners' subpoenas. Maldonado, 2012 WL 1669341, at *13. I find that respondents are entitled to compensation for twenty partner/counsel hours at a rate of $900 per hour ($18,000); thirty associate hours at a rate of $600 per hour ($18,000); and thirty non-legal staff hours at a rate of $200 per hour ($6,000), for a total of $42,000.

An attorney's fee award also typically includes "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." United States Football League v. Nat'l Football League, 887 F.2d 408, 416 (2d Cir. 1989) (citation omitted); see, e.g.,

Levy v. Powell, No. 00 CV 4499, 2005 WL 1719972, at *12 (E.D.N.Y. July 22, 2005) (allowing recovery of costs for "photocopies, deposition transcripts, expert witness fees, travel, filing fees, messenger services, mailings, and facsimiles."); Lawson ex rel. Torres v. City of New York, No. 99 CV 10393, 2000 WL 1617014, at *5 (S.D.N.Y. Oct. 27, 2000) (reimbursing as part of attorney's fees award costs for photocopying and transcripts). Respondent seeks reimbursement of $9,898.14 in costs, including expenses for computerized legal research, transcripts, "searches," data extraction, and other non-itemized costs simply designated as "disbursements." (See Time Records.) Since most of these costs are not documented, the request is denied except as to the $1,900 paid to Global Relay Communications Inc. for eDiscovery services, for which counsel has provided an invoice dated December 19, 2022.

## CONCLUSION

For the foregoing reasons, Fir Tree is awarded Rule 45 sanctions in the amount of $43,900 as against petitioners, jointly and severally.

SO ORDERED.

                                                    /s/
                                    ROBERT M. LEVY
                                    United States Magistrate Judge

Dated: Brooklyn, New York
       October 30, 2023