# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation<br><br>　　　　　　　Petitioners,<br><br>　v.<br><br>FIR TREE PARTNERS a/k/a FIR TREE CAPITAL MANAGEMENT LP and f/k/a FIR TREE SOLAR, LLC<br><br>　　　　　　　Respondent. | **Case No. 1:22-mc-02795-NGG-RML**<br><br>Original Proceeding:<br><br>*Martifer-Silverado Fund I, LLC, v. Zhongli Science and Technology Group Co., Ltd., et al.*<br><br>Case No. 4:19-cv-04243 (YGR)(SK) (N.D. Cal.) |

**MEMORANDUM OF LAW IN SUPPORT OF FIR TREE PARTNERS' OBJECTION TO THE MAGISTRATE JUDGE'S OCTOBER 30, 2023 ORDER**

Fir Tree Partners ("Fir Tree") respectfully submits this memorandum of law in support of its objections to Magistrate Judge Robert M. Levy's Order, entered on October 30, 2023 (ECF No. 32, the "Order"), awarding Fir Tree $43,900 in reimbursement for attorneys' fees and expenses for complying with a number of third-party discovery subpoenas. As set forth below and in Fir Tree's filings before the Magistrate Judge (*see* ECF Nos. 12, 17, and 31),[1] the Order relies on several clearly erroneous factual determinations and misapplies the applicable law. Under the Court's own reasoning, and in light of Petitioners' concession below, Fir Tree is entitled to at least $117,000 in fee reimbursement for work performed to comply with the subpoenas. Thus, the Order does not award Fir Tree the reasonable costs for compliance with the subpoenas and should be modified as set forth below.

## I.  BACKGROUND[2]

The underlying litigation concerns a commercial dispute pending in the Northern District of California (the "Underlying Action"), in which Petitioners were the defendants, styled as *Martifer-Silverado Fund I, LLC v. Zhongli Science and Technology Group Co. Ltd.*, Case No. 4:19-cv-04243 (YGR)(SK) (N.D. Cal.). Fir Tree has no interest in the Underlying Action. Petitioners nevertheless served a facially overbroad subpoena under Rule 45 demanding that Fir Tree search for and produce sixty-two wide-ranging categories of documents from up to ten years ago (the "Document Subpoena") and prepare a corporate representative to testify on thirteen topics and numerous subparts (the "Deposition Subpoena" and collectively, the "Subpoenas"). In their

---

[1] ECF No. 12 refers to Fir Tree's Opposition to Petitioners' Motion to Compel and in Support of its Cross-Motion for Reimbursement of Attorneys' Fees and Costs; ECF No. 17 refers to Fir Tree's Reply Memorandum of Law in Further Support of Its Cross-Motion for Reimbursement of Attorneys' Fees and Costs; and ECF No. 31 refers to Fir Tree's Supplemental Memorandum In Further Support of its Cross-Motion for Reimbursement of Attorneys' Fees and Costs.
[2] In the interest of efficiency and in order to ensure costs remain reasonable in pursuing these Objections, Fir Tree refers the Court to its filings submitted to the Magistrate Judge.

briefing, Petitioners all but acknowledged that they expected Fir Tree to carry virtually the entire burden of providing written discovery to support their defenses despite not being a party to the Underlying Action and having no interest in the outcome of that litigation. And, the parties that *did* have such an interest – plaintiffs in the Underlying Action and Petitioners – were either unwilling or purportedly unable to provide meaningful written discovery themselves. The proverbial icing on the cake is that Petitioners expected Fir Tree to provide all of this discovery at its own expense and thereby subsidize the costs of a litigation in which it has no stake.

Fir Tree agreed to produce certain categories of documents but pushed back at the Subpoenas' overly broad scope and the undue burden being imposed on Fir Tree as a third party.[3] Petitioners not only refused to reimburse Fir Tree for its attorneys' fees and costs to produce documents and prepare a corporate representative, but also fought Fir Tree's attempt to narrow the Subpoenas in order to make the burden on Fir Tree more reasonable. Fir Tree engaged in numerous discussions with Petitioners' counsel over several months, including meet and confers, calls, and e-mail communications, in an effort to resolve the disputes without judicial intervention. Fir Tree also began producing responsive documents and informed Petitioners that it would continue to make additional productions.

Negotiations between the parties failed, and Petitioners filed a motion to compel on September 16, 2023 ("Motion to Compel"). Fir Tree cross-moved for reimbursement of its attorneys' fees and costs. Judge Levy granted the motion to compel in part and denied the remainder, concluding that some of Petitioners' demands for documents were outside the scope of

---

[3] As explained in Fir Tree's briefs to the Magistrate Judge, the Document Subpoena served on non-party Fir Tree was extremely similar to the requests for document production served on *parties* to the Underlying Action.

permissible discovery under Rule 26. Fir Tree then completed its document production and produced a corporate representative for a Rule 30(b)(6) deposition.

Once this discovery was complete, Judge Levy received supplemental briefing from the parties and resolved Fir Tree's cross-motion for fee reimbursement. Applying the well-established law in this Circuit, the Magistrate Judge correctly held that Fir Tree is entitled to fee shifting under Rule 45 because: (1) Fir Tree had no interest in the outcome of the underlying litigation; (2) Fir Tree cannot more readily bear the costs of compliance than Petitioners; and (3) the litigation concerns a private dispute that lacks any public importance. *See Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, No. 09 CV 3855, 2018 WL 1701944, at *3 (E.D.N.Y. Mar. 31, 2018) (finding that all the factors weigh in favor of shifting costs of complying with the Subpoenas to Petitioners). (Order at 4-5.) The Court further held that it was reasonable for Fir Tree to retain Lowenstein Sandler LLP ("Lowenstein Sandler"), its long-time counsel, to respond to the Subpoena. (*Id*. at 6.)

Although the Order appears to hold that Fir Tree should not be reimbursed for fees expended in resisting the Subpoenas, the Court nowhere questions Fir Tree's right under Rule 45 to be reimbursed for the reasonable fees incurred in ***complying*** with the Subpoenas. (*Id*. at 6-8.) Significantly, Petitioners conceded in their briefing below that Fir Tree spent $117,000 on such compliance. (ECF No. 29 at 4-5.)

However, notwithstanding Petitioners' concession, the Magistrate Judge did not conduct any analysis of the Lowenstein Sandler invoices submitted by Fir Tree to determine whether the amounts actually billed for complying with the Subpoenas are reasonable. Instead, the Court provided its "own estimate" of the reasonable number of hours spent without explaining its reasoning or grounding that estimate in the evidence before it. (Order at 8.) Based on this estimate,

the Order awarded Fir Tree $42,000 in attorneys' fees and $1,900 in hard expenses for Global Relay Communications Inc.'s[4] eDiscovery services, for a total reimbursement award of $43,900. (*Id.*)

## II. APPLICABLE LAW

Under Rule 72(a) of the Federal Rules of Civil Procedure, the district judge assigned to a case shall consider a party's objection to a magistrate judge's order regarding a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "Matters concerning discovery generally are considered 'non-dispositive' of the litigation." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). A magistrate judge's order is "clearly erroneous" where "'on the entire evidence,' [the district court] is 'left with the definite and firm conviction'" that a mistake has been committed. *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

Rule 45 requires that a court protect a non-party required to produce documents or materials against significant expense resulting from production by shifting costs to the serving party, including attorneys' fees where appropriate. Fed. R. Civ. P. 45; ECF No. 12. at 20-23. The Rule provides that "an order to compel production ***shall*** protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded." Fed. R. Civ. P. 45 (emphasis added); *see also Sands Harbor*, 2018 WL 1701944,

---

[4] Global Relay Communications was the vendor used to harvest client documents and transmit them to outside counsel.

at *3 (courts have "ma[de] cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena") (citation omitted); *see also* Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment ("A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court.").

Relevant factors in determining how much of the expense of production the requesting party should bear include: "(1) whether the non-party actually has an interest in the outcome of the litigation; (2) whether the non-party can more readily bear the costs than the requesting party; and (3) whether the litigation is of public importance." *Sands Harbor*, 2018 WL 1701944, at *3 (citation omitted). A non-party's legal fees, especially where the work benefits the requesting party, are considered a cost of compliance reimbursable under Rule 45. *See Kahn v. Gen. Motors Corp.*, No. 88 Civ. 2982, 1992 WL 208286, at *2 (S.D.N.Y. Aug. 14, 1992); *In re First Am. Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998).

### III. THE ORDER SHOULD BE MODIFIED AND FIR TREE SHOULD BE AWARDED THE FULL COST OF ITS COMPLIANCE WITH THE SUBPOENAS[5]

**A. The Magistrate Court's Order Is Clearly Erroneous**

The Order awards Fir Tree a total of $43,900. The Court reached this number in finding that Fir Tree was entitled to compensation for twenty partner/counsel hours at a rate of $900 per hour ($18,000); thirty associate hours at a rate of $600 per hour ($18,000); and thirty non-legal staff hours at a rate of $200 per hour ($6,000), for a total of $42,000. (Order at 8.) In determining this sum, the Court "used its discretion to award fees based on its own estimate of how many

---

[5] Because the Magistrate Court decided the *Wells* factors in favor of Fir Tree and found that Fir Tree is entitled to reimbursement of its reasonable attorneys' fees and expenses, Fir Tree will not relitigate the legal merits of its claim and instead draws the Court's attention to its briefs below.

attorney hours would be 'usefully and reasonably expended' in responding to petitioners' subpoenas." (Order at 8.) In doing so, the Court did not conduct any analysis of the bills submitted in support of Fir Tree's application for attorneys' fees and made no findings concerning the nature and scope of the work reasonably required to prepare and produce a Rule 30(b)(6) corporate representative and to comply with the portions of Petitioners' Document Subpoena that either Fir Tree agreed to honor or the Court enforced. Without such findings, the Court had no basis for estimating the amount of hours reasonably expended on those tasks, by which professionals, and at which appropriate rates. Instead, the Court selected an arbitrary number and awarded it – even though that number was less than 40% of the $117,000 ***Petitioners acknowledged*** Fir Tree had spent on subpoena compliance.

To the extent the Court reviewed the attorney invoices at all, it misinterpreted them. The Court found that Fir Tree's two primary attorneys billed 120 and 480 hours to the matter, respectively. (Order at 7.) That is simply wrong. The time records Fir Tree provided to the Court (ECF No. 26-1) show those two primary attorneys actually billed 62 and 243 hours, respectively – about half the number found by the Magistrate Judge. Because this clearly erroneous finding contributed to the Court's broader finding that the time spent was "well in excess of the sanctions contemplated under Rule 45," (Order at 7), the Order cannot be affirmed.

But the more fundamental problem with the Court's analysis was its failure to examine and make any findings about which tasks Fir Tree's counsel legitimately had to perform in order to comply with the Subpoenas. Because of the Subpoenas' overly-broad scope and the aggressiveness by which Petitioners litigated this matter (see exhibits to Petitioners' declarations attaching emails between counsel), Fir Tree was forced to spend large sums of money and resources responding to Petitioners' demands. All of the following categories of work performed

by Fir Tree's counsel were legitimate and relate to compliance with (rather than resistance to) the Subpoenas:

    a) Preparing and serving timely written responses and objections to the Subpoenas;

    b) Discussions with in-house counsel and employees at Fir Tree to locate and harvest potentially responsive documents from almost ten years ago;

    c) Responding to a third subpoena served on Lowenstein Sandler by Petitioners seeking communications with opposing counsel in the underlying case that did not exist;

    d) Processing searches for documents; reviewing documents for responsiveness and privilege; processing, preparing and producing over 22,000 pages of non-privileged documents; and

    e) Preparing a Rule 30(b)(6) corporate representative and defending his deposition.

The Order makes no findings concerning the number of hours that were reasonably necessary to do this work in this particular case and does not connect the $42,000 award to any determination of what tasks were necessary to comply with the Subpoenas. There is, thus, no basis in the evidence for the Court's award.

Moreover, the Court erroneously blamed Fir Tree for initiating motion practice to challenge the Subpoenas instead of proceeding in a more cost-efficient manner. (Order at 7-8.) But it was **Petitioners** who ignored this District's Local Rules and resorted to formal motion practice by filing the Motion to Compel (ECF No. 1). Fir Tree was forced to respond in kind and oppose the Motion to Compel that had been filed. This clearly erroneous finding contributed to the Court's overall assessment of an appropriate fee reimbursement award and provides an additional reason for modifying the Order.

### B. Fir Tree Is Entitled to at Least $117,000 in Reimbursement Under Rule 45

The Order makes two correct findings. *First*, the Court correctly examined the *Wells* factors and held they weigh in favor of shifting Fir Tree's reasonable costs for complying with the

Subpoenas to Petitioners. (Order at 5.) *Second*, the Court found that it was reasonable for Fir Tree to engage Lowenstein Sandler, a firm that has served as Fir Tree's counsel for many years and is regularly retained by Fir Tree for corporate and litigation services including third-party subpoenas. (*Id*. at 5-6.)[6]

Petitioners acknowledged that Fir Tree spent approximately $117,000 complying with the Subpoenas. (ECF No. 29 at 4-5.) Fir Tree disagrees with Petitioners' calculation of these fees; it also disagrees that it is not entitled to reimbursement of its costs associated with defending against Petitioners' Motion to Compel. But, given the Magistrate Judge's reasoning and Petitioners' concession, Fir Tree is entitled to ***at least*** $117,000 for reimbursement of its attorneys' fees. The Magistrate Judge never addressed Petitioners' concession.

For the reasons discussed above, the Order rests on numerous clearly erroneous factual determinations, lacks any grounding in an analysis of the tasks necessary to comply with the Subpoenas, and cannot be affirmed. In lieu of remand, and in the interests of bringing an end to this litigation, Fir Tree respectfully requests that this Court modify the Order by awarding Fir Tree $117,000 as the reasonable costs of complying with the Subpoenas.

## IV.   CONCLUSION

For the foregoing reasons, Fir Tree respectfully requests that the Court sustain its objections to the Magistrate Judge's Order and award Fir Tree $117,000 for reimbursement of its attorneys' fees and expenses.

---

[6] Despite holding that it was reasonable for Fir Tree to engage Lowenstein Sandler and that Lowenstein Sandler's hourly rates are consistent with market participants, the Court reduced Lowenstein Sandler's hourly rates without explanation in calculating the amount Fir Tree is owed.

Dated: November 13, 2023					By:  /s/ *Thomas E. Redburn*
								Thomas E. Redburn
								Maya Ginsburg
								**LOWENSTEIN SANDLER LLP**
								1251 Avenue of the Americas
								New York, NY 10020
								Telephone: (212) 262-6700
								Facsimile:  (212) 262-7402
								tredburn@lowenstein.com
								mginsburg@lowenstein.com

								*Counsel for Fir Tree Partners*