UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ZHONGLI SCIENCE AND TECHNOLOGY
GROUP CO. LTD., a Chinese corporation; and
SUZHOU TALESUN SOLAR TECHNOLOGY
CO., LTD., a Chinese corporation,

                Petitioners,

-against-

FIR TREE PARTNERS a/k/a FIR TREE CAPITAL
MANAGEMENT LP and f/k/a FIR TREE
SOLAR, LLC,

                Respondent.

**MEMORANDUM & ORDER**
**22-MC-02795 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Respondent Fir Tree Partners' ("Respondent") objection to Magistrate Judge Robert M. Levy's October 30, 2023 Memorandum and Order ("M&O") awarding Fir Tree Rule 45 sanctions in the amount of $43,900. (*See* M&O (Dkt. 32); Respondent Objection to Order ("Resp. Obj.") (Dkt. 33-1).) The court reviews non-dispositive matters referred to magistrate judges for clear error. *See* Fed. R. Civ. P. 72(a). Finding none, Respondent's objections are OVERRULED.

I.   BACKGROUND

Respondent is a non-party that was served a subpoena to produce documents and a Rule 30(b)(6) deponent as part of a commercial dispute in *Martifer-Silverado Fund I, LLC v. Zhongli Science & Technology Group Co., Ltd.*, No. 4:19-cv-4243 (YGR) (SK) (N.D. Cal.). (M&O at 1.) After resolution of the discovery motion, Respondent moved under Rule 45 to require Petitioners Zhongli Science & Technology Group and Suzhou Talesun Solar Technology Co. to reimburse Respondent's attorneys' fees and

1

costs incurred to comply with the subpoena. (*Id.*) In total, Respondents sought $391,643—$381,745 in attorneys' fees and $9,898 in other expenses. (*Id.* at 2.) Magistrate Judge Levy found that Rule 45 fee shifting was appropriate and awarded Respondents $43,900. (*See id.* at 5-9.) Respondent does not object to Magistrate Judge Levy's Rule 45 analysis. Instead, it objects to the amount of fees that Magistrate Judge Levy awarded. (*See generally* Resp. Obj.) Respondent argues that under Magistrate Judge Levy's reasoning, it is entitled to $117,000 in attorneys' fees and costs. (*Id.* at 7-8.)

In evaluating the fee request, Magistrate Judge Levy rejected Respondent's full requested fee because "many of the hours billed by respondent's counsel were for time expended objecting to or resisting petitioners' subpoenas, not complying with them." (M&O at 7.) Finding the hours billed for resisting the subpoena were well in excess of those contemplated under Rule 45, Magistrate Judge Levy determined that Respondent could only get fees shifted for the cost of compliance. (*Id.*) While part of Respondent's resistance in compliance to the subpoena was because the subpoena was overly broad, "Respondent's counsel therefore should have challenged the subpoenas through less time intensive and costly avenues." (*Id.* at 8.) Nevertheless, Magistrate Judge Levy placed the blame on both sides for driving up the fees. (*Id.*) Accordingly, and within his discretion, Magistrate Judge Levy calculated reasonable attorneys' fees by estimating "how many attorney hours would be 'usefully and reasonably expended' in responding to petitioners' subpoenas." (*Id.* (citing *Maldonado v. La Nueva Rampa, Inc.*, No. 10-cv-8195, 2012 WL 1669341, at *13 (S.D.N.Y. May 14, 2012).) Magistrate Judge Levy calculated that Respondent's counsel were entitled to $42,000 in legal fees and $1,900 in documented costs. (*Id.* at 8-9.)

2

## II. STANDARD OF REVIEW

The district court reviews non-dispositive motions issued by a magistrate judge for clear error. *See* Fed. R. Civ. P. 72(a). "An order is clearly erroneous where, based on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *MPD Accessories B.V. v. Urb. Outfitters*, No. 12-CV-6501 (LTS), 2013 WL 7211833, at *1 (S.D.N.Y. Dec. 17, 2013).[1] "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Lanzo v. City of New York*, No. 96-CV 3242 (ILG), 1999 WL 1007346, at *2 (E.D.N.Y. Sept. 21, 1999) (citation omitted).

## III. DISCUSSION

Under Rule 45, "only reasonable expenses are compensable." *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.*, No. 09-cv-03855 (AYS), 2018 WL 1701944, at *4 (E.D.N.Y. Mar. 31, 2018). "A non-party who moves for costs and fees bears the burden of demonstrating that those costs and fees are reasonable." *In re Aggrenox Antitrust Litig.*, No. 14-md-02516, 2017 WL 4679228 (SRU), at *2 (D. Conn. Oct. 18, 2017). "The determination of . . . reasonableness is committed to the sound discretion of the trial court." *Sands Harbor Marina Corp.*, 2018 WL 1701944, at *4. When estimating reasonable attorneys' fees, the goal "is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants." *Id.* Across-the-board reductions in billing hours are

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

3

particularly appropriate when billing records include block billing. *Sands Harbor Marina Corp.*, 2018 WL 1701944, at *6.

Respondent argues that Magistrate Judge Levy's M&O was clearly erroneous because the order did not sufficiently analyze the bills in support of Respondent's application for attorneys' fees (Resp. Obj. at 5-6), the order misinterpreted the invoices that it did analyze (*id.* at 6), and it incorrectly placed the blame on Respondent for initiating motion practice. (*Id.* at 7.) Because Magistrate Judge Levy's analysis was based on erroneous findings, Respondent urges the court to modify the order and award $117,000. (*Id.* at 7-8.)

Respondent's challenge faces an uphill battle because Magistrate Judge Levy's order is only required to achieve "rough justice," and this court reviews for clear error. *Vice*, 563 U.S. at 838; *Urb. Outfitters*, 2013 WL 7211833, at *1. The clearly erroneous standard is appropriate because Magistrate Judge Levy oversaw the discovery dispute and therefore has a greater sense than this court does of what would have been a reasonable number of attorney hours to comply with the subpoena, rather than oppose it, taking into account its overbroad scope. Magistrate Judge Levy did not go through each line of the submitted invoices, but he was not required to. *See Vice*, 563 U.S. at 838. Magistrate Judge Levy assessed that the 120 hours billed by Thomas Redburn and 480 hours billed by Counsel Maya Ginsburg were "well in excess of the sanctions contemplated," and went on to assess what a reasonable number of hours spent would be, based on his experience overseeing the discovery dispute and the motion to compel: twenty partner/counsel hours, thirty associate hours, and thirty non-legal staff hours. (M&O at 7-8.) Therefore, even if the actual number of hours that Redburn and Ginsburg billed were half of what Magistrate Judge Levy's order stated (*see* Resp. Obj. at 6), that does not change Magistrate Judge Levy's assessment that that is in excess of what would be a reasonable number

4

of hours spent in compliance—both numbers were in excess of what Magistrate Judge Levy estimated would have been reasonable. Finally, contrary to Respondent's assertion, Magistrate Judge Levy did not place the blame solely on Respondent for initiating motion practice, noting that "*both* sides were responsible for ratcheting up the conflict over these subpoenas and driving up the fees." (M&O at 8 (emphasis added).) However, Magistrate Judge Levy still faulted Respondent for not taking less costly avenues to challenge the subpoenas. (*Id.*) Magistrate Judge Levy's apportionment of blame is therefore not clearly erroneous and cannot be the basis for modifying the Rule 45 order.

Magistrate Judge Levy's estimate of what would have been a reasonable number of hours to spend in complying with the subpoena is also not clearly erroneous. A district court has the authority to make "across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended." *Contant v. Bank of Am. Corp.*, No. 17-cv-03139 (LGS) (SDA), 2020 WL 3260958, at *4 (S.D.N.Y. June 17, 2020). In *Contant*, the court implemented a 66% across-the-board reduction in hours. *Id.* at *5. The court in *Sands Harbor* awarded $10,537 based on a request of $39,709, a 73% reduction. *Sands Harbor Marina Corp.*, 2018 WL 1701944, at *8. In this case, Respondent seeks to overrule Magistrate Judge Levy's $43,900 award based on its claimed cost of compliance of $117,000. But interpreted as an across-the-board reduction in hours, Magistrate Judge Levy reduced the fee by 62%. That is well within the range of what other courts have done and is not clearly erroneous.

Based on the court's independent review of Respondent's counsel's invoices, Magistrate Judge Levy's award is reasonable, even if Respondent disagrees with his method for arriving at that number. The court independently calculates that Respondent's counsel billed 164 hours in document production and preparation for the Rule 30(b)(6) deposition. (*See* Respondent Counsel

5

Invoice (Dkt. 26-1).) Of these hours, approximately 110 were billed at the partner/counsel level, nine at the associate level, and 45 at the non-legal staff level. This comes to approximately the $117,000 figure that the parties cite. But many of these hours were block-billed or otherwise vague and imprecise. And perhaps more importantly, Respondent's counsel spent over 80 partner/counsel hours on document review and relied on an associate for only nine hours. Petitioner should not bear the cost of Respondent's counsel's inefficient use of resources. *See Sands Harbor Marina Corp.*, 2018 WL 1701944, at *7. Therefore, a substantial across-the-board reduction was warranted. That Magistrate Judge Levy arrived at the value by independently assessing what would have been reasonable rather than reducing the fee on a percentage basis does not make his assessment erroneous or contrary to law.

### IV. CONCLUSION

For the foregoing reasons, Respondent's objections to Magistrate Judge Levy's order awarding attorneys' fees are OVERRULED.

SO ORDERED.

Dated:    Brooklyn, New York
          February 8, 2024

                                    s/Nicholas G. Garaufis
                                    ─────────────────────
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge